**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| HEIDI MILLETT, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. CJC-25-0196 |
| FRANK BISIGNANO,[1] COMMISSIONER OF | * | |
| SOCIAL SECURITY, | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

Plaintiff/Claimant Heidi Millett petitions the Court to review the Commissioner of the Social Security Administration's (the "Commissioner") final decision involving her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act. ECF No. 1 ¶ 2. The Court has considered the record and the parties' briefs. ECF Nos. 8, 13, 15, 16. No hearing is necessary. Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, the Court reverses and remands this case for further proceedings.

---

[1] The Acting Commissioner of the Social Security Administration has changed during the life of this case, but this only affects the caption. Under the Federal Rules of Civil Procedure, "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d); see also 42 U.S.C. 405(g) (stating any action involving a petition for judicial review of a final decision of the Commissioner "shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security"). Millett filed her case against Carolyn Colvin on January 21, 2025, when Ms. Colvin was Acting Commissioner of the Social Security Administration. Frank Bisignano became Acting Commissioner on May 7, 2025. As a result, Commissioner Bisignano has been automatically substituted as the Defendant.

## PROCEDURAL HISTORY

In November 2020, Millett filed an application for SSI alleging disability beginning January 13, 2018; she later amended her alleged disability onset date to November 23, 2020. R. 24, 50, 251. Her claim was denied initially and upon reconsideration. R. 157, 159. On Millett's request, an Administrative Law Judge ("ALJ") held a hearing on July 20, 2023, to review her claim. R. 44–91, 167. On December 5, 2023, the ALJ rendered his decision in which he found that Millett was not disabled until June 20, 2023. R. 24–38. Plaintiff requested review of the ALJ's decision by the Social Security Appeals Council. R. 245. The Appeals Council affirmed the ALJ's decision on December 18, 2024. R. 1–13. Plaintiff then timely petitioned for judicial review in this Court on January 21, 2025. ECF No. 1.[2]

## THE ALJ'S DECISION

A claimant is legally disabled under the Social Security Act if they are unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a). The ALJ must conduct a five-step sequential evaluation to determine if a claimant is disabled. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "For the first four steps, the burden lies with the claimant; at step five, it shifts to the Commissioner." *Thomas v. Berryhill*, 916 F.3d 307, 310 (4th

---

[2] Although neither party discusses it, an ALJ also issued a decision on August 25, 2020, regarding Millett's prior SSI application in which the ALJ found Millett was not disabled. R. 95. The ALJ in this most recent decision referenced the 2020 decision, R. 34, and the 2020 decision is part of the record, R. 95. The 2020 decision also appears to have been appealed to the Appeals Council and was later judicially reviewed in federal court, but those decisions are not part of the record in this matter. *See* R. 127. Because neither party disputes whether the absence of these decisions from the record is material to the outcome of the Court's review, the Court need not address them further.

Cir. 2019), *as amended* (Feb. 22, 2019). The ALJ reviews whether the claimant "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock*, 667 F.3d at 472 (citing 20 C.F.R. § 416.920(a)(4)). Prior to steps four and five, the ALJ must determine a claimant's Residual Functional Capacity ("RFC"), which is the most work a claimant can do despite their physical and mental limitations. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 254 (4th Cir. 2017).

The ALJ here conducted the sequential evaluation as follows. At step one, the ALJ found Millett had not engaged in substantial gainful activity since her amended disability onset date of November 23, 2020. R. 26. At step two, the ALJ determined that Millett had the following severe impairments: "diabetes mellitus; peripheral/poly neuropathy; lumbar spine; dysfunction major joints (knee/right elbow/right shoulder); obesity; and asthma." R. 26.[3] At step three, the ALJ decided that Millett's impairments did not meet or equal any of the listed impairments in the Social Security Regulations. R. 28 (citing 20 C.F.R. § 404, Subpart P, App'x 1). The ALJ then found that Millett had the residual functional capacity to perform sedentary work[4] with the following additional limitations:

> [Millett is] occasionally able to climb ramps or stairs; never able to climb ladders, ropes or scaffolds; occasionally able to balance, stoop, or crouch; never able to kneel or crawl; would be limited to occasional use of the right upper extremity for

---

[3] The ALJ found Millett's mental impairments were non-severe. R. 27–28.

[4] Sedentary work "involves lifting no more than 10 pounds at a time," requires occasional walking and standing, and "implies a capacity to sit for at least 6 hours in an 8-hour day[.]" 20 C.F.R. § 416.967(a); *Delores D. v. O'Malley*, Civil Action No. CDA-23-1170, 2024 WL 1966421, at *3 (D. Md. May 3, 2024) (quoting *Wilson v. Heckler*, 743 F.2d 218, 221 (4th Cir. 1984)).

overhead reaching; frequent use of either upper extremity for fine fingering or grasping/handling of small objects; frequent use of either lower extremity for pushing/pulling or operation of foot control; would need to avoid concentrated exposure to extreme cold or vibration; avoid work at unprotected heights or around dangerous moving machinery (i.e. Forklifts, etc.); avoid even moderate exposure to fumes, odors, dusts, gases or other pulmonary irritants; and would be able to use a cane or other hand held assistive device for ambulation to and from the workstation or work area.

R. 29. At step four, the ALJ determined that Millett has been unable to perform past relevant work since November 23, 2020. R. 34. At step five, the ALJ found that, prior to June 20, 2023, the date Millet's age category changed, there were jobs that existed in significant numbers in the national economy that Millett could have performed. R. 35. The ALJ determined that on June 20, 2023, however, Millett could not perform any work that existed in significant numbers in the national economy. R. 36. Thus, the ALJ concluded that Millett was statutorily disabled on June 20, 2023. R. 36.

### STANDARD OF REVIEW

The Court will affirm the ALJ's decision if the ALJ's factual findings are "supported by substantial evidence and were reached through application of the correct legal standard." *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 353 (4th Cir. 2023) (citation omitted); 42 U.S.C. § 405(g). An ALJ's decision satisfies the substantial evidence standard if it contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). In conducting this review, the Court determines "not just 'whether the ALJ examined all relevant evidence' but also whether the ALJ 'offered a sufficient rationale in crediting certain evidence and discrediting other evidence.'" *Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 605 (4th Cir. 2025) (citation omitted).

**DISCUSSION**

Millett argues that the ALJ erred by improperly analyzing her RFC. ECF No. 13 at 7. In particular, Millett contends that the ALJ failed to properly analyze her alleged sitting limitation and failed to analyze evidence relevant to such a limitation. ECF No. 13 at 12–13. The Court agrees.

As discussed above, a claimant's RFC is the most work a claimant can do despite their limitations. *Brown*, 873 F.3d at 254. To establish a claimant's RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [her] ability to work.'" *Thomas*, 916 F.3d at 311 (citation omitted). As relevant here, one of the functions an ALJ must assess is the ability to sit. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021), *superseded by regulation on other grounds as stated in Drumgold*, 144 F.4th at 604.

"[A] proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion." *Thomas*, 916 F.3d at 311. In addition to describing the evidence that supports their conclusion, an ALJ must "also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8P, 1996 WL 374184, at *7 (July 2, 1996).[5] Remand is warranted if the ALJ "fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (citation omitted). Courts in this circuit have often remanded a case

---

[5] "Social Security Rulings, or SSRs, are interpretations by the Social Security Administration of the Social Security Act." *Dowling*, 986 F.3d at 387 n.9 (citation modified). "They do not carry the force of law but are binding … on ALJs when they are adjudicating Social Security cases." *Id.* (citation modified).

because the ALJ reached a conclusion regarding a claimant's ability to sit without resolving contradictory evidence in the record. *See, e.g.*, *Dowling*, 986 F.3d at 388 (remanding in part because "[t]he ALJ never specifically discussed the extent to which [claimant's] alleged sitting problems impacted her ability to perform sedentary work" despite claimant's repeated sitting complaints); *Nicole C. v. Kijakazi*, Civil Action No. JMC-22-2123, 2023 WL 4027481, at *5 (D. Md. June 15, 2023) (remanding in part because the ALJ "failed to specifically take note of … treatment records and testimony of the [claimant], that point to the conclusion that [claimant] is significantly limited in her ability to sit"); *Cleta S. v. Bisignano*, Civil Action No. TJS-25-434, 2026 WL 496451, at *3 (D. Md. Feb. 23, 2026) (remanding in part because the ALJ made no findings regarding how long the claimant could sit, stand, or walk despite finding that claimant's walking, standing, and sitting abilities were "somewhat reduced"). Thus, an ALJ errs, and remand is warranted, when the ALJ fails to conduct a function analysis that reconciles evidence that supports and contradicts a claimant's alleged sitting limitation.

The ALJ here found that Millett could perform sedentary work—which requires the ability to sit for 6 hours in an 8-hour workday—without a sitting limitation. R. 29; *see supra* Note 4. In reaching this conclusion, the ALJ discussed Millett's possible sitting limitation in the context of the two medical opinions of Dr. Clifford Andrew. R. 33. The ALJ noted that Dr. Andrew opined in his 2021 medical opinion that Millett "was limited to intermittent stand or lie down every 10 minutes." R. 33. The ALJ found this opinion unpersuasive, however, because "no records support a finding that the claimant could only sit for intermittent periods." R. 33. Next, the ALJ discussed how Dr. Andrew stated in his 2023 medical opinion that Millett could "sit for 6 hours in an 8-hour workday." R. 33. The ALJ found this opinion somewhat persuasive. R. 34. Thus, the ALJ analyzed Millett's sitting limitation by discounting Dr. Andrew's opinion

regarding Millet's intermittent sitting limitation and finding partially persuasive Dr. Andrew's opinion regarding Millet's ability to sit for 6 hours.

The ALJ erred in analyzing Millett's sitting limitation because the ALJ failed to conduct a wholistic function analysis. On the one hand, the ALJ is incorrect that "no records," R. 33, support an intermittent sitting limitation.[6] There is evidence of Millett's consistent subjective reports of pain while sitting for prolonged periods, R. 744, 785, 882–83, 923, 943, Millett's testimony during the ALJ hearing that she was in pain when she sat, that she avoided such pain by elevating her legs throughout the day, and that she could only sit upright for one hour, R. 56, 66–67, 74, 87, and Dr. Andrew's April 2023 opinion which, similar to his earlier opinion, stated that Millett could only sit for one hour before adjusting. R. 1535. The ALJ failed to evaluate any of this evidence in his opinion despite the evidence contradicting his sitting limitation conclusion. On the other hand, the ALJ also failed to discuss evidence that supports his conclusion, such as the state agency determinations that found that Millet could sit for 6 hours in an 8-hour workday. R. 120, 139. The Court cannot properly review the ALJ's decision to omit a sitting limitation in the RFC without reconciling this evidence. Thus, because "the ALJ provided

---

[6] In finding that no records support Dr. Andrew's 2021 opinion that Millett required a 10 minute intermittent sitting limitation, the ALJ may have been implying that no other *objective* medical records support such a limitation and that therefore the ALJ may disregard Millett's subjective complaints. This finding would have been erroneous, however, for two reasons. First, Dr. Andrew's 2021 opinion was, in fact, supported by objective medical evidence; it is at least partially supported by his 2023 opinion that Millett had a 1-hour intermittent sitting limitation. R. 1535. Second, even if Dr. Andrew's 2021 opinion was not supported by any objective medical evidence, an ALJ errs when the ALJ disregards a claimant's subjective complaints solely because they are not supported by objective medical evidence. *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020). Here, as discussed above, Millett provided subjective evidence of her sitting limitation, and the ALJ was required to evaluate it even if it had not been supported by objective medical evidence. Thus, had the ALJ found that no records supported Dr. Andrew's intermittent sitting limitation based on an absence of objective medical evidence, remand would still be warranted.

no analysis (other than [his] rejection of the opinions discussed above) that would permit the Court to understand how they ultimately determined that Plaintiff could perform the sitting requirements of sedentary work," remand is warranted. *Delores D. v. O'Malley*, Civil Action No. CDA-23-1170, 2024 WL 1966421, at *3 (D. Md. May 3, 2024).

On remand, the ALJ should conduct a proper analysis of Millett's ability to sit for prolonged periods and reconcile how the competing evidence supports the ALJ's RFC finding. The Court expresses no opinion as to whether the ALJ's conclusion regarding Millett's entitlement to benefits is itself correct.

## **CONCLUSION**

Pursuant to sentence four of 42 U.S.C. § 405(g), the Social Security Administration's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

Date: March 13, 2026

                                             /s/
                                    Chelsea J. Crawford
                                    United States Magistrate Judge